# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Emmanuel L. Shoulders,            Case No. 3:18CV553

    Plaintiff,

  v.                              **ORDER**

Warden Dubose, *et al.*,

    Defendants.

*Pro se* plaintiff Emmanuel L. Shoulders filed the above-captioned *Bivens* action against the United States, FCI Gilmer Warden Dubose, the Probation Department for the Southern District of Ohio, and the Probation Department for the Northern District of Ohio. He also brings claims under the Federal Tort Claims Act (FTCA) and the Americans with Disabilities Act (ADA).

The gravamen of the complaint is that, after plaintiff served a federal prison sentence, government officials improperly released him to a halfway house in Dayton, Ohio, and then ordered him to relocate to Toledo, Ohio.

## Background

Plaintiff pleaded guilty to a felon-in-possession charge. He received a sentence of forty-eight months' imprisonment, followed by three years of supervised release. (Doc. 45, *Shoulders v. U.S.*, No. 3:08 CR 456 (N.D. Ohio)).

The Bureau of Prisons (BOP) released him from custody on August 10, 2012, and plaintiff moved into a halfway house in Dayton, Ohio. Plaintiff contends this placement was improper

because he told the BOP that he lived at a friend's address in Dayton when, in fact, plaintiff was homeless. He alleges that, after he completed his time in the halfway house, probation officials ordered him to relocate to Toledo, which caused him to lose his job in Dayton, experience severe emotional distress, and, consequently, commit further crimes.[1]

On the same day plaintiff filed this action, he also filed a motion purportedly under 28 U.S.C. § 2255 complaining about the same events. I denied that motion because plaintiff: 1) filed it outside the one-year limitations period for § 2255 motions; 2) failed to meet the filing deadline and other predicate requirements of the FTCA; 3) did not challenge his conviction or the sentence it imposed; and 4) was not in federal custody when he filed the motion. *Shoulders v. U.S.*, 2018 WL 1870077 (N.D. Ohio).

**Discussion**

Although I construe *pro se* pleadings liberally, I must dismiss an *in forma pauperis* action that is frivolous or fails to state a plausible claim for relief. 28 U.S.C. §§ 1915(e) & 1915(A).

These provisions require dismissal of plaintiff's claims, which are untimely.

The limitations period for *Bivens* and ADA claims is two years. *Harris v. U.S.*, 422 F.3d 322, 331 (6th Cir. 2005); *McCormick v. Miami Univ.*, 693 F.3d 654, 662–64 (6th Cir. 2012). Likewise, FTCA claims must be presented, in writing and to the appropriate federal agency, within two years after the claim accrues. 28 U.S.C. § 2401(b).

The latest-occurring event that plaintiff complains about is the order that he leave the halfway house in Dayton and relocate to Toledo.

---

[1] Ohio Department of Rehabilitation and Correction records indicate Plaintiff was recently released from the Lebanon Correctional Institution, where, beginning on March 29, 2013, he served a prison term for robbery and possession of drugs.

Although plaintiff does not allege when that happened, plaintiff began serving time in an Ohio prison on March 29, 2013. His transfer from the halfway house must have occurred before that date. At the latest, then, plaintiff had until March 29, 2015, to file his claims. Because he did not file his complaint until nearly three years after that date, his claims are time-barred.

Furthermore, plaintiff has not stated a plausible claim against any of the Defendants. He does not identify a constitutional right he believes these defendants violated (*Bivens*), a tort they committed (FTCA), or any instance of discrimination because of a disability (ADA).

**Conclusion**

It is, therefore

ORDERED THAT:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) be, and the same hereby is, granted;

2. Plaintiff's complaint (Doc. 1) be, and the same hereby is, dismissed with prejudice;

3. Plaintiff's motions for a permanent injunction (Doc. 3) and appointment of counsel (Doc. 5) be, and the same hereby are, denied as moot; and

4. In accordance with 28 U.S.C. §1915(a)(3), the court certifies that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge